UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GARY MARTIN,

        Plaintiff,

  v.                                            25-CV-828-LJV
                                             ORDER

C.O. TAYLOR – UPSTATE BOX et al.,

        Defendants.
_____

The pro se plaintiff, Gary Martin, is a prisoner confined at the Five Points Correctional Facility in Romulus, New York. *See* Docket Item 1 at 2.[1] He brings this action—raising claims arising from an alleged assault by officers at the Upstate Correctional Facility and his improper detention in that facility's "box"—under 42 U.S.C. § 1983. *See* Docket Item 1 at 2-3, 5. He also has moved to proceed in forma pauperis (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it). Docket Item 5. For the reasons that follow, this action is transferred to the United States District Court for the Northern District of New York.

---

[1] Page numbers in docket citations refer to ECF pagination.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under 28 U.S.C. § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to "personal jurisdiction with respect to the civil action in question." *See* 28 U.S.C. § 1391(c)(1), (2).

When a case is filed in a district in which venue is improper, the court shall dismiss the case "or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." *See* 28 U.S.C. § 1406(a). "A district court may transfer a case pursuant to 28 U.S.C. § 1406(a) sua sponte." *Grefer v. Chirco*, 2023 WL 1798728, at *1 (W.D.N.Y. Feb. 7, 2023) (italics omitted). The purpose of section 1406(a)'s transfer provision is to "remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).

Here, the events underlying Martin's claims occurred at the Upstate Correctional Facility in Malone, New York. *See* Docket Item 1 at 6; *see also id.* at 16-22 (describing events underlying the two claims). Malone, New York, is located in Franklin County,

2

and thus within the geographical confines of the Northern District of New York.  *See* 28 U.S.C. § 112(a).[2]  Moreover, Martin does not allege that any defendant[3] resides in this District.  *See* 28 U.S.C. § 1391(c).[4]  Thus, there is no apparent basis for venue in this District.

## CONCLUSION

Based upon the foregoing, this Court finds that Martin's action may not be brought in this District.  In the interest of justice, the Court therefore transfers this action to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1406(a).  This Court makes no ruling as to the sufficiency of the complaint, Docket Item 1, nor does it consider the merits of Martin's motion to proceed in forma

---

[2] The complaint alleges that Martin reported his assault to a doctor and staff at the Sing Sing Correctional Facility in Ossining, New York, but that those individuals did nothing to help him.  *See* Docket Item 1 at 5.  Ossining, New York, is located in Westchester County and is thus within the geographical confines of the Southern District of New York.  28 U.S.C. § 112(b).  But because Martin's claims relate to his alleged assault and subsequent placement in the Upstate Correctional Facility's "Box," Docket Item 1 at 3-6, and the only specifically named defendants are three officers from the Upstate Correctional Facility, *id.* at 2-3, that allegation does not change this Court's conclusion that transfer to the United States District Court for the Northern District of New York is appropriate.

[3] Martin specifically names three officers from the Upstate Correctional Facility as defendants; he also says that there are "[a]t least ten others" that he "[w]ill reveal later." Docket Item 1 at 2-3.

[4] Martin sues the defendants in their individual and official capacities.  *See* Docket Item 1 at 2-3.  "Where . . . public officials are sued in their official capacities, residence for venue purposes is where they perform their official duties."  *Andrew H. by Irene H. v. Ambach*, 579 F. Supp. 85, 88 (S.D.N.Y. 1984) (internal quotation marks omitted).  Because Martin's complaint does not allege that the defendants perform their official duties within this District, the fact that he is suing the defendants in both their individual and official capacities does not change the Court's analysis.

pauperis, Docket Item 5.  The Court leaves those issues to the Northern District.  The judgment administratively closing this action, Docket Item 4, is vacated.

Therefore,

IT IS HEREBY ORDERED that the Clerk of the Court shall transfer this case to the United States District Court for the Northern District of New York.

SO ORDERED.

Dated:   January 14, 2026
          Buffalo, New York

                                      */s/ Lawrence J. Vilardo*
                                      LAWRENCE J. VILARDO
                                      UNITED STATES DISTRICT JUDGE